IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERITAGE HOMES OF TEXAS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ETL ELITE LANDSCAPE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff Meritage Homes of Texas, LLC, an Arizona Limited Liability Company and an Arizona Citizen, with a Principal Place of Business in Scottsdale, Arizona and asserts its Complaint against Defendant ETL Elite Landscape, Inc. In support thereof, Meritage Homes of Texas, LLC will show this Court the following:

### I.   PARTIES

1.1   Plaintiff Meritage Homes of Texas, LLC ("Meritage"), a limited liability company organized under the laws of the State of Arizona, is an Arizona citizen. Plaintiff's principal place of business is in Scottsdale, Arizona.

1.2   Defendant ETL Elite Landscape, Inc. ("ETL"), a corporation organized under the laws of the State of Texas, is a Texas citizen. Defendant's principal place of business is in Denton County, Texas. Defendant may be served with process by serving its registered agent, Kevin W. Vice, 1111 W. Mockingbird Lane, Ste. 700, Dallas, TX 7524.

### II.   JURISDICTION AND VENUE

2.1   The Court has original jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a). Complete diversity of citizenship existed between Meritage and ETL at the time of filing this suit. The

amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.2 Venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions occurred in Dallas County, Texas.

### III.   FACTS

3.1 On January 26, 2017, Meritage and ETL entered into a valid and enforceable Master Land Development Agreement for ETL to provide labor and materials for the construction of various projects.

3.2 On March 13, 2017, Meritage and ETL entered into a valid enforceable Work Authorization Agreement for ETL to install/construct, among other things, brick screening walls on property described as Enclave at Northgate, Irving, TX. ETL agreed to construct the screening walls in accordance with plans and specifications provided to ETL prior to construction.

3.3 Between March 13, 2017 and April 4, 2018, ETL constructed the brick screening walls. On or around April 2, 2020, Meritage discovered that the brick screening walls were not constructed in accordance with applicable plans and specifications, or otherwise in a good and workmanlike manner. The deficiencies in ETL's construction were inherently undiscoverable even though Meritage exercised reasonable diligence. The defects in ETL's work was not discovered until on or about April 2, 2020.

3.4 Between April 2020 and September 2020, informal communications between Meritage and ETL occurred concerning the defective brick screening walls. On September 11, 2020, pursuant to Section 6.2 of the Master Land Development Agreement, Meritage sent formal written notice to ETL of the defective brick screening walls demanding that ETL correct their defective work.

3.5 Pursuant to Section 6.2 of the Master Land Development Agreement, ETL was required to correct its defective work or notify Meritage that ETL intended to correct its defective work within

two (2) days of receipt of the notice. ETL received Meritage's September 11, 2020, notice on September 14, 2020. To date, ETL has wholly failed to correct its defective work.

3.6     Pursuant to Section 6.3 of the Master Land Development Agreement, Meritage is permitted to proceed with correcting ETL's defective work and ETL is contractually responsible for all costs associated with same. The cost to correct ETL's defective work is in excess of $400,000.00.

### IV.     COUNT 1 – BREACH OF CONTRACT

4.1     A valid enforceable contract exists between Meritage and ETL.

4.2     The contract between Meritage and ETL required ETL to construct a brick screening wall in accordance with plans and specifications that were provided to ETL prior to commencement of construction, and otherwise in a good and workmanlike manner.

4.3     ETL failed to construct the brick screening wall in accordance with applicable plans and specifications as required by the contract. ETL's failure to construct the brick screening wall in accordance with applicable plans and specifications resulted in defective construction of the brick screening wall and is a breach of the contract between Meritage and ETL.

4.4     The contract also required ETL to correct defective work within two (2) days of receiving notice of defective work.

4.5     Meritage gave written notice to ETL of defective work. ETL received all notices required by the contract between ETL and Meritage. ETL failed to comply with its contractual obligations by failing to correct its defective work. ETL's failure to correct defective work is a breach of the contract between Meritage and ETL.

4.6     ETL's failure to fulfill it contractual obligations proximately caused Meritage's damages. Specifically, Meritage is now forced to expend funds in excess of $400,000.00 to correct ETL's defective work.

4.7 All conditions precedent necessary for Meritage's claims have been performed or have occurred.

4.8 Meritage is entitled to recover its reasonable and necessary attorney's fees and costs.

## V. PRAYER

5.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff Meritage Homes of Texas, LLC prays that Defendant ETL Elite Landscape, Inc. be cited to appear and answer herein and, on trial of Meritage Homes of Texas, LLC's claims, that this Court award judgment to Meritage Homes of Texas, LLC for the following:

   a. Actual damages;
   b. Attorney's fees;
   c. Costs of court;
   d. Pre-judgment interest;
   e. Post-judgment interest; and
   f. All further relief, legal and equitable, to which Meritage Homes of Texas, LLC may show itself justly entitled.

Respectfully submitted,

**BUSH RUDNICKI SHELTON, P.C.**

By: /s/ *Donald Shelton*
Donald Shelton
State Bar No. 50511731
dshelton@brstexas.com
Tyler Hood
State Bar No. 24097846
thood@brstexas.com
200 N. Mesquite St., Suite 200
Arlington, Texas 76011
Telephone: 817-274-5992
Facsimile: 817-261-1671
**ATTORNEYS FOR PLAINTIFF**